IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BARBARA AKON                                                                    PLAINTIFF

VS.                                                          CAUSE NO.4:13cv00243-SA-JMV

THE CLARKSDALE MUNICIPAL
SCHOOL DISTRICT AND
DENNIS DUPREE, ITS SUPERINTENDENT
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES                      DEFENDANTS

**PROTECTIVE ORDER**

Defendants have moved for the entry of a protective order in this matter, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. For good cause shown, it is hereby **ORDERED**:

This protective order applies to such "Protected Information" as defined herein, and all such "Protected Information" shall be subject to the provisions contained herein unless agreed by the parties or directed by separate order of the Court.

For the purposes of this Order, "Protected Information" shall include any and all information and/or documents relating to this litigation which is produced or provided in any form or format by any party's agents, employees, representatives, affiliated entities or individuals, or attorneys, or which is obtained from or produced by third parties, including, but not limited to:

1. personnel files, social security numbers, letters of recommendation, and applications for employment pertaining to any current or former employees, staff members, agents, or representatives of Defendants;

2. medical records or medical files produced by the parties and/or obtained from or produced by third parties;

3. documents, materials, and information which have been designated as "confidential" in other proceedings or actions, unless and until an order from either this Court or the Court with jurisdiction over the original proceedings holds such materials not to be protected or confidential and orders their production; and

4. any other documents, materials, and information which the Court on proper motion and finding concludes should be subject to protection under this Order.

Documents, materials, or parts thereof which contain Protected Information will be designated by stamping or affixing the word "CONFIDENTIAL" on each page.

**IT IS THEREFORE ORDERED**:

1. That the aforementioned documents and information are hereby protected, and that neither the parties nor their attorneys shall copy, disseminate, give, show, make available, discuss, or communicate any Protected Information to anyone other than to an attorney of record or to the named parties and their agents and/or authorized representatives, any expert retained by or designated by Plaintiff in this case, or to the Court and its officers when required in the proceeding herein. The parties and their attorneys agree to take sufficient steps, in the circumstances, to insure that any person who reviews Protected Information covered by this Order will comply with the confidentiality requirements of this Order.

2. Within thirty (30) business days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all Protected Information (and all copies, transcriptions, or reproductions in any form whatsoever), shall be returned to counsel of record for the producing party, destroyed, or stored in a manner that assures continued confidentiality, unless otherwise agreed by counsel for the parties.

3. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of any Protected Information. Furthermore, nothing in this Order shall preclude the

parties from objecting to the relevancy, admissibility, or use of the Protected Information in this litigation.

4.      Except with regard to specific documents listed in paragraphs 1 and 2 above, nothing in this Order shall prohibit any party from contesting the designation as "confidential" of materials so labeled by the opposing party; however, until such contest or objection is ruled upon by the Court, any such materials shall be subject to this Protective Order and shall not be disseminated contrary to the terms of this Order.

5.      At the time of deposition or within 15 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain Protected Information. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 15-day period. Any portions of a transcript which contain Protected Information shall thereafter be treated as confidential in accordance with this order.

6.      A Party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. Before any document marked as "Confidential" may be subject to a Motion seeking to file that document under seal with the Clerk, the filing Party shall first consult with the Party that originally designated the document as Confidential to determine whether, with the consent of that Party, the document or a redacted version of the document may be filed with the Court not under seal.

7.      Where agreement is not possible or adequate, before a pleading, motion, memorandum, or other document that contains, incorporates, quotes from, annexes, or summarizes any document designated as containing or constituting Confidential Information may

be filed with the Court under seal, the Party seeking to submit such material shall, pursuant to Uniform Local Rule 79, move the Court to issue an order placing the materials under seal. The Parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Rule 79.

8. An inadvertent failure to designate a document or information as "Confidential" at the time of its production shall not preclude any party from thereafter making such designation in good faith, and requesting the receiving party to mark and treat such documents or other information as Protected Information.

9. If any party, or person acting on his, her or its behalf, inadvertently produces a document or documents that, except for such production, would have been protected from discovery by the attorney-client privilege or the attorney work-product doctrine, such production shall not constitute a waiver of any such privilege or doctrine as to the produced document(s) or as to any other document provided the party concerned notifies the other parties within a reasonable time after the discovery of the inadvertent production. Upon request by the party that inadvertently produced such document(s), all such documents, and all copies thereof, shall be returned immediately to the producing party. Subject to the terms of this paragraph, nothing in this Protective Order shall prejudice a party from challenging the designation of any document as protected from discovery by a privilege or doctrine or relieve the producing party from the burden of justifying any assertion of privilege.

10. Materials and the contents of materials designated "Confidential" shall be used for purposes of this action only and for no other purpose except the customary business purposes of the party producing such materials, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court, counsel for the parties in this Action, and those people specifically provided for herein. However, nothing in this Order shall prevent or otherwise restrict

counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of information designated under the terms of this Order.

11. This Order shall survive the termination of the litigation. The Court retains jurisdiction for a period of ninety days after termination of this litigation with respect to any dispute regarding the improper use of Protected Information disclosed under this Protective Order.

12. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "Confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter be agreement with the other party. The burden shall rest on the party seeking confidentiality to demonstrate that such designation is proper.

SO ORDERED on this, the 25th day of August, 2014.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE